IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-69-BO

SHELLY A. ALEXANDER, )
    Plaintiff, )
 )
v. )    O R D E R
 )
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security,* )
    Defendant. )

    This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on February 15, 2023, at Elizabeth City, North Carolina and the motions are ripe for ruling. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

    Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed her application June 26, 2019, alleging disability beginning December 28, 2018; her alleged onset date was later amended to December 6, 2019. After initial denials, plaintiff proceeded to a telephone hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

The ALJ determined that plaintiff met the insured status requirements through September 30, 2024, and had not engaged in substantial gainful activity since her amended alleged onset date at step one. At step two, plaintiff's fibromyalgia, disorder of the gastrointestinal system, diarrhea, obesity, calcaneal spurs, Achilles tendonitis, plantar fasciitis, venous insufficiency, depression, anxiety, and insomnia were determined to be severe impairments. After finding that plaintiff did not have an impairment or combination of impairments that met or equaled a Listing at step three, the ALJ determined that plaintiff had the RFC to perform light work with numerous exertional and non-exertional limitations. At step four the ALJ determined that plaintiff could not perform her past relevant work as a mail handler, post office clerk, or processing assistant but at step five found that there were sufficient jobs in the national economy that plaintiff could

3

Case 5:22-cv-00069-BO   Document 22   Filed 03/01/23   Page 3 of 7

perform, including routing clerk, office helper, and marker. Thus, the ALJ found plaintiff not to be disabled as of the date of the decision.

An RFC should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff testified before the ALJ that due to her impairments and the medications she takes for those impairments she would not be able to perform work "routinely on a daily basis." Tr. 78. Plaintiff's treating physician, Dr. McDaniels, reached the same conclusion. *See* Tr. 1909, 1933. In discounting plaintiff's testimony and the opinion of Dr. McDaniels, the ALJ erroneously concluded that record evidence does not support their statements.

For example, to discount plaintiff's testimony regarding her persistent, at times urgent diarrhea, the ALJ cites to a letter which describes gastroparesis or paralysis of the stomach, generally, Tr. 1255, a record describing *some* decrease in plaintiff's frequency of diarrhea, Tr. 1892, and a letter from Dr. McDaniel which in which he states that plaintiff's condition has gradually deteriorated over time. Tr. 1933. The ALJ concludes that plaintiff's diarrhea has improved by citing a medical record noting *some* decrease, but which also notes that she continues to have diarrhea which often occurs after eating. Tr. 1890-91. In sum, the ALJ's record citations do not support her conclusions that plaintiff's testimony regarding the frequency and urgency of her diarrhea are contradicted or unsupported by the record.

The ALJ further failed to account for the cumulative impacts of plaintiff's multiple impairments in the RFC when she determined plaintiff could perform light work. Light work

generally requires lifting no more than twenty pounds with frequent lifting or carrying of up to ten pounds, or may include a "good deal of walking and standing". 20 C.F.R. § 416.967(b). Here, the ALJ included additional limitations on plaintiff's light RFC, but those limitations do not fully account for the record evidence of the severity of plaintiff's impairments.

For example, the ALJ cites to plaintiff's "longstanding history of plantar fasciitis, Achilles tendonitis, and calcaneal spurs" as well as her history of fibromyalgia which impacts her ability to walk, sit, or stand for extended periods. Tr. 35. The ALJ went on to discount plaintiff's subjective statements, however, by citing to records which show plaintiff was not in acute distress or "chronically ill" and to one record which noted plaintiff as having normal range of motion and muscle strength. The ALJ then states that plaintiff repeatedly had not exhibited signs of edema, but on the following page notes that a number of treatment records document pitting edema and decreased pulses. Tr. 35-36. Whether plaintiff is frequently in acute distress and whether she has full range of motion do not adequately address whether she can engage in a good deal of walking or standing over an eight-hour day, five days per week, in particular in light of her documented history of edema, plantar fasciitis, Achilles tenonitis, and calcaneal spurs. In other words, the ALJ has simply failed to create a logical bridge between her conclusion and the evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

The ALJ also relies on plaintiff's daily activities to conclude that plaintiff's limitations are not as severe as alleged. However, "[a] claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 101 (4th Cir. 2020). As the ALJ notes, plaintiff reported difficulty dressing and bathing and that, while she does not do so often, she is able to drive and walk around. These reports, which are consistent with plaintiff's objectively diagnosed

5

physical impairments, do not suggest, as the ALJ concluded, that plaintiff can perform sustained work within the RFC.

In sum, the ALJ decision is not supported by substantial evidence. Whether to remand for a new decision or reverse for an award of benefits is within this Court's discretion. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). Courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas*, 983 F.3d at 111.

In this case, the Court determines that plaintiff is entitled to benefits based upon her multiple severe impairments. Remand would serve no purpose because the record supports a finding that plaintiff could not perform work on a consistent, full-time basis. Alternatively, at most, plaintiff could perform sedentary work, which in combination with her age and other factors would direct a finding of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x II § 202.06. Accordingly, the Court determines that reversal for an award of benefits is appropriate in this case.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is not supported by substantial evidence. The decision of the Commissioner is therefore REVERSED for an award of benefits. Plaintiff's motion for summary judgment [DE 13] is GRANTED and defendant's motion for judgment on the pleadings [DE 16] is DENIED. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this ___1___ day of March 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE